# United States Court of Appeals
## For the First Circuit

No. 12-1891

CHRISTOPHER KING, a/k/a KingCast.net,

Plaintiff, Appellant,

v.

FRIENDS OF KELLY AYOTTE, ET AL.,

Defendants, Appellees.

Before

Lynch, Chief Judge,
Torruella and Thompson, Circuit Judges.

**JUDGMENT**
Entered: April 5, 2013

    Appellant Christopher King appeals from the district court's dismissal of his complaint featuring several claims arising under both federal and state law. Before turning to the substance of the appeal, we address the briefing motions currently pending with the court. King's motion to file a "corrected omnibus reply brief" is **GRANTED**, but Appellees' motion to strike the same also is **GRANTED** insofar as the court has considered only those portions of the "corrected" brief that comport with relevant rules and briefing principles. Appellees' motion to strike King's original reply brief is moot in light of the foregoing. Appellees' motion for attorneys' fees in relation to the motion to strike is **DENIED**.

    Turning to the merits, we conclude that the district court did not abuse its discretion in denying King's motion to amend his complaint, as addition of the proffered allegations indeed would not have altered the outcome of the case. See Windross v. Barton Protective Servs., Inc., 586 F.3d 98, 104 (1st Cir. 2009) (setting out standard of review). We agree with the district court that King abandoned his claim pursuant to N.H. Rev. Stat. 354-A:16 below, and we conclude that King has waived his remaining pendent claims by failing to adequately discuss the district court's dismissal of those claims in his briefs filed with this court. See United States v. Jiminez, 498 F.3d 82, 88 (1st

Cir. 2007) (explaining that insufficiently developed issues and arguments are deemed "waived"). We note also that, by waiting until his reply brief to broach the claim, King also appears to have waived his conspiracy claim pursuant to 42 U.S.C. § 1985(3).  See id.  Regardless, after de novo review, we affirm the dismissal of that claim, as well as the claims pursuant to 42 U.S.C. §§ 1981 and 1983, for substantially the same reasons articulated by the district court.  See Morales-Tanon v. Puerto Rico Elec. Power Auth., 524 F.3d 15, 18 (1st Cir. 2008) (setting out standard of review).

Accordingly, we **AFFIRM**.

By the Court:

/s/ Margaret Carter, Clerk.

cc:
Brian J.S. Cullen
Christopher King
Gordon J. MacDonald
Jack B. Middleton
Jennifer Lee Parent